## Weekly Abstract of PENDING CASES

### No. 305
### WILLE v. STATE
No. 19623. Supreme Court

Motion for leave to file petition in error. Dock. Feb. 11, 1926; 4 Abs. 128.

225. CHARGE TO JURY—Where any facts are disclosed at the trial of one indicted for second degree murder, which would tend to show the committment of a lesser offense, should the court charge to jury concerning the lesser offenses?

Harry Wille was indicted for second degree murder in which he was charged with killing one George Welsh.

It appears that one Joseph Reddington and George Welsh, deceased, while intoxicated became engaged in a fight. Welsh had a knife and was severely assaulting Reddington, who was too drunk to defend himself. Wille, an employee of the National Biscuit Co. happened along and witnessed the fight and saw Welsh abuse Reddington and upon Welsh attacking Wille, with a knife, Wille knocked him down by striking him with his fist, and upon Welsh striking his head upon the pavement, he was killed as a result of a fracture of the skull.

Wille had an excellent reputation, had been in the employ of the National Biscuit Co. for 17 years and had received an honorable discharge which recited "excellent character", from the Army in which he had served for 21 months during the world war.

The jury found Wille guilty of second degree murder and the judgment of the Hamilton Common Pleas was affirmed by the Court of Appeals.

Wille in the Supreme Court contends:

1. That the court erred in refusing to charge the jury concerning the lesser offense of assault and battery.

2. That the court committed prejudicial error in cross-examining Wille as follows:

"The Court:—

Q. Are you right handed or left handed?

A. Right handed.

Q. Why did you leave the wagon?

A. When I seen the man in trouble I went to his assistance, after I seen the man in trouble.

Q. Was it your object to make an arrest of the man that was striking??

(Objected to by counsel for defendant, objection overruled and counsel for defendant excepted).

A. No, sir, just a peaceful citizen."

3. That the court erred in permitting the witness Reddington, over defendant's objection and exception, to be asked for his opinion of the testimony of the witness Howden.

4. That the court's instruction to the jury as to the use of a weapon was prejudicial.

5. The defendant was entitled to offer in evidence his honorable discharge from the Army in support of his claim of good reputation and character.

Attorneys — Ralph Becker and William Thorndyke, Cincinnati, for Wille; C. S. Bell and C. E. Basler, Cincinnati, and C. C. Crabbe, Columbus, for State.

### No. 306
### QUEEN INCUBATOR CO. v. MERRELL CO.
No. 19655. Supreme Court

On motion to certify. Dock. March 3, 1926; 4 Abs. 176.

355. DAMAGES—May damages for loss of profits be recovered in an action for breach of contract to furnish goods where the complainant has obtained orders for goods which were to be furnished under the contract, but which were not delivered?

The Queen Incubator Co. in February 1923, brought an action in the Lucas Common Pleas against defendant to recover for goods sold and delivered in the sum of $344.50, with interest from July 1, 1922.

The Merrell Co. filed a general denial attacking the corporate capacity of plaintiff, and for its cross petition alleges that on January 20, 1922, it entered into an oral contract with plaintiff, which was later confirmed by letters whereby it was to distribute plaintiff's products in certain territory for the season of 1922-3; that it had taken orders for $6,-992.70 worth of these products when plaintiff notified it that it would not comply with this contract, that it thereby lost the profits it would have derived from said orders in the sum of $909.06, that these products could only be obtained from plaintiff and prays judgment for $909.06.

The allegations in the cross petition were denied by plaintiff in error.

On the question of the orders taken, the disposition of them and the question of damages, plaintiff offered no evidence. They are as follows:

1. That it had taken orders for Queen products which at its selling price amounted to $4545.25.

2. That these products at the prices quoted by plaintiff would have been billed to it for $3636.19.

3. That its gross anticipated profits on all these orders would have been $909.06.

4. That on October 20, 1922, it had in stock unsold 71 Queen brooders and incubators which it could have applied on these orders. (Its deliveries on these orders did not begin until January 1923.)

5. That in October, 1922, it had procured from Schaffer & Company of Decatur, Indiana, an offer to furnish it with all the Queen products it would need to fill these orders for $4088.72 or an advance of $452.52, but with a saving of freight and handling expense as Schaffer & Company offered to ship direct.

6. That it did fill 20% of these orders with Queen products.

7. That it did fill 35% of these orders with other products of a similar character.

8. That it accepted cancellations of 24% of these orders.

The Court of Appeals affirmed the judgment of the Common Pleas for The Merrell Company for $449.69.

The Incubator Company in the Supreme Court, contends that the Court erred in charging the jury that it might fix an amount which will compensate the Incubator Company because the measure of damages is the difference between the contract price and the current market price of the goods.

Attorneys—L. B. Hall, for Incubator Co.; Tabor, Chittenden, Northrup & Daniels, for Merrell Co.; all of Toledo.